IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § | |
| as Broadcast Licensee of the September 16, 2017 | § | |
| Gennady Golovkin v. Saul Alvarez IBF World | § | |
| Middleweight Championship Fight Program, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00274 |
| | § | |
| 1) CITY OF DONNA, TEXAS, individually, and | § | |
| d/b/a DONNA MAIN SQUARE PARK; | § | |
| 2) MARISSA OZUNA, individually; and | § | |
| 3) JOSE ERNESTO LUGO, individually, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants (1) City of Donna, Texas, individually, and d/b/a Donna Main Square Park (City of Donna); (2) Marissa Ozuna, individually ("Ozuna"); and (3) Jose Ernesto Lugo, individually ("Lugo") (collectively "Defendants").

### PARTIES

1.     <u>Plaintiff</u>.  G&G Closed Circuit Events, LLC, as Broadcast Licensee of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2.     <u>Defendant City of Donna.</u> City of Donna, Texas is an incorporated city in Hidalgo County, Texas. On the date of the Event (as defined herein), Defendant City of Donna:

A.      owned and/or operated the Donna Main Square Park, city park open to the public, and located at Main Street and Business Highway 83 (Hooks Avenue) (the "Establishment");

B.      had a right and ability to supervise the activities of the Establishment; and

C.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant City of Donna may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its City Manager, Carlos Yerena, at 307 S. 12th Street, Donna, Texas 78537; or to its Mayor, Rick Morales, at 307 12th Street, Donna, Texas 78537; or to anyone authorized to accept service of process on behalf of the City of Donna, Texas.

3.      Defendant Ozuna. Marissa Ozuna is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Ozuna:

A.      held an election campaign event at the Establishment;

B.      was the organizer and/or host of the election campaign event at the Establishment;

C.      was in charge and the person responsible for the election campaign event at the Establishment;

D.      had a right and ability to supervise the activities of the Establishment; and

E.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Ozuna may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Ozuna at 601 W. 10th Street, Weslaco, Texas 78596.

4.      Defendant Lugo. Jose Ernesto Lugo is an individual residing in the State of Texas. On the date of the Event (as defined herein), Defendant Lugo:

A.      held an election campaign event at the Establishment;

B.      was the organizer and/or host of the election campaign event at the Establishment;

      C.      was in charge and the person responsible for the election campaign event at the Establishment;

      D.      had a right and ability to supervise the activities of the Establishment; and

      E.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Lugo may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Lugo at 2115 Lott Road, Donna, Texas 78537; or at 7301 N. 5th Street, McAllen, Texas 78504.

<u>STATEMENT OF JURISDICTION</u>

5.      This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

<u>VENUE</u>

6.      Venue is proper in this District because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

<u>STATEMENT OF THE CLAIM</u>

7.      <u>Authorization to License Event</u>.  Plaintiff is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program, including all of the undercard or preliminary bouts (collectively the "Event"),[1] at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

8.      The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a

---

[1] One of the bouts for the Event included the fight between Ryan Martin and Francisco Rojo, which was one of the undercard bouts.

commercial establishment accessible to the general public, if the establishment was contractually authorized to do so by Plaintiff.

9.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

10.     <u>Exhibition of the Event</u>.  The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

11.     The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

12.     The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

13.     On September 16, 2017, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to the public who attended the campaign event at the Establishment.

14.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

15.     Defendants enabled the people attending the event at the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

16.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

17.     Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## VIOLATION OF 47 U.S.C. § 553 OR § 605

18.     Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605, or Section 553.

## DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants, jointly and severally, for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)     Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)     Pre and post-judgment interest at the highest rate permitted by law; and

(g)     Such other and further relief to which Plaintiff is entitled.


Respectfully submitted,


By: _____
        David M. Diaz
        State Bar No. 24012528
        Southern District Bar No. 889588
        david@diazlawtx.com
        Attorney-in-charge

LAW OFFICES OF DAVID DIAZ, PLLC
825 Watters Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
(972) 996-4588 – Telephone

ATTORNEY FOR PLAINTIFF