IN THE UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, <br> as Broadcast Licensee of the September 16, <br> 2017 Gennady Golovkin v. Saul Alvarez IBF <br> World Middleweight Championship Fight <br> Program <br> Plaintiff, | § § § § § § § | |
| V | § § | CIVIL ACTION NO. 7:20-cv-00274 |
| 1) CITY OF DONNA, TEXAS, individually, <br> and d/b/a DONNA MAIN SQUARE PARK; <br> 2) MARISSA OZUNA, individually; and <br> 3) JOSE ERNESTO LUGO, individually, <br> Defendants | § § § § § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants, MARISSA OZUNA and JOSE ERNESTO LUGO, named Defendants in the above-entitled and numbered cause, file this Answer to Plaintiff's Original Complaint (hereinafter referred to as "Complaint"):

**DEFENDANTS' ORIGINAL ANSWER**

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

**I.
PARTIES**

2. Defendants admit only so much of Paragraph 2 of the Complaint that alleges that City of Donna, Texas is an incorporated city in Hidalgo County, Texas. Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3. Defendants admit only so much of Paragraph 3 of the Complaint that alleges that Marissa Ozuna is an individual. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants admit only so much of Paragraph 4 of the Complaint that alleges that Jose Ernesto Lugo is an individual. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

## II.
## STATEMENT OF JURISDICTION

5. Defendants deny the allegations of paragraph 5 of the Complaint.

## III.
## VENUE

6. Defendants admit only so much of Paragraph 6 that venue is proper in this District because Defendants reside in this District. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

## IV.
## STATEMENT OF THE CLAIM

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

## V.
## VIOLATION OF 47 U.S.C. § 553 OR § 605

18. Defendants deny the allegations of paragraph 18 of the Complaint.

## VI.
## DEMAND FOR RELIEF SOUGHT

19. Defendants deny the allegations of paragraph 19 subsections a-g of the Complaint.

## VII.
## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

### Second Affirmative Defense

21. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

22. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas.

### Fourth Affirmative Defense

23. To the extend Plaintiff seeks damages not recoverable under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas, Plaintiff is barred from such recovery.

### Fifth Affirmative Defense

24. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### VIII.
### JURY DEMAND

25. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their Answer to Plaintiff's Original Complaint be deemed good and sufficient, that all claims by Plaintiff against Defendants, Marissa Ozuna and Jose Ernesto Lugo, be dismissed with prejudice, and that Defendants be awarded the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

LAW OFFICES OF DAMIAN C. OROZCO, P.C.
1138 East Expressway 83, Suite C
Pharr, Texas 78577
Tel: (956) 782-5447
Fax: (956) 782-5448

By: /s/ *Damian C. Orozco*
DAMIAN C. OROZCO
State Bar No. 24008756
Federal No. 25673
Attorney for Defendants

### CERTIFICATE OF SERVICE

I certify that on this 28th day of December, 2020, a true and correct a true and correct copy of the forgoing and/or attached was served on each attorney of record or party in accordance with Federal Rule of Civil Procedure 5(b) as follows:

Via ECF
Hon. David Diaz
Law Offices of David Diaz, PLLC
825 Watter's Creek Blvd.
Building M, Suite 250
Allen, Texas 75013
Tel: 972-996-4588
Email: david@diazlawtx.com

                                                 By: /s/ *Damian C. Orozco*
                                                 DAMIAN C. OROZCO
                                                 Attorney for Defendants